### M. C. SLAUGHTER, ET AL., *v.* CITY OF LOUISVILLE.

**Public Improvements—Discretion of City Council—Power.**
> The discretion of the city council in determining what street improvements are to be made cannot be controlled by the courts.

**Power of Courts in Such Cases.**
> When taxation is imposed for a constitutional object the courts cannot adjudicate either upon the justice or policy of such imposition. Courts cannot legislate.

**Conclusions Pleaded.**
> To aver that the cost of a public improvement amounts to a practical confiscation of property is only an averment of a conclusion.

**Taxation for Improvements.**
> The right of the courts to determine when taxation is so excessive as to amount to confiscation is undoubted, but will only be exercised where legislative power has been palpably abused and the same is clearly shown.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 30, 1874.

OPINION BY JUDGE LINDSAY:

The petition sets out a state of facts tending to show that the improvement ordered to be made is not a matter of immediate necessity either to the general or local public. This was a question, however, for the general council of the city to determine, and its discretion is not subject to the control of the courts. The power of municipal corporations to improve their streets cannot be questioned. The time at which the improvements shall be made is a matter of local governmental policy, to be determined by the legislative department.

When taxation is imposed for a constitutional object, the judi-

ciary cannot adjudicate upon its policy or justice without inspiring a function clearly legislative in its character.

Here the ordinance provides that the subject of local taxation shall be taxed in accordance with the provisions of the city charter; and under this charter this court has time and again decided that uniformity and approximate equality of street taxation are clearly attainable.

Appellants allege that the contemplated improvement cannot be made, except at "such a cost as will amount to a practical confiscation of their property." It is apparent that this is but the averment of a legal deduction. What constitutes "a practical confiscation" is a question for the court to decide and it must be decided from the facts appearing in the record.

Appellants do not state the value of their property nor the probable cost of the work; nor does it necessarily follow from any and all facts stated that the work, although necessary at this time, will not, when done, enhance the value of their property in an amount equal to the tax they are required to pay.

Whatever right the judiciary may have to interfere for the protection of the citizen when taxation becomes so excessive as to amount to exploitation under the forms of law, it is manifest that this right should not be exercised except in cases in which it is palpable that the legislative power of taxation has been so abused that the taxpayers are being spoliated and their property arbitrarily taken in violation of that fundamental principle of our government "that absolute arbitrary power over the lives, liberty and property of freedmen exists nowhere in a republic."

The petition under consideration makes out no such state of case. The demurrer was properly sustained, and appellants failing to amend the chancellor did not err in dismissing the petition.

Judgment *affirmed.*

*Cochran, for appellants.*
*Burnett, for appellee.*